O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLAUDE CARR, | ) | Case No. EDCV 13-00075-VBF (OP) |
| Petitioner, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER RE: DISMISSAL OF PETITION FOR WRIT |
| G. J. JANDA, | ) ) | OF HABEAS CORPUS (28 U.S.C. § 2254) AS SUCCESSIVE |
| Respondent. | ) ) ) | |

## I.
## **INTRODUCTION**

On January 11, 2013, Claude Carr ("Petitioner") filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal as second and successive.

/ / /

## II.
## **PROCEDURAL HISTORY**

On October 22, 2003, Petitioner pleaded guilty in the Riverside County Superior Court, case number RIF110236, to second-degree robbery (Cal. Penal Code § 211). (Clerk's Transcript ("CT") at 10.[1]) Petitioner admitted serving prison terms for a 1995 robbery conviction, a 1992 conviction for grand theft from a person, and a 1991 conviction for possession of an illegal weapon. (Cal. Penal Code § 667.5(b).) (CT at 13.) In addition, Petitioner admitted two serious prior convictions in 1988 and 1995, both for robbery. (Cal. Penal Code § 667(a).) (CT at 13.) On the same date, Petitioner was sentenced to the agreed-upon upper-term of six years for the second-degree robbery and six years doubled as a sentencing enhancement; one year each for the three prison priors; and five years each for the two prior serious convictions; resulting in a total determinate state prison term of twenty-five years. (Id. at 11.)

Petitioner appealed the conviction to the California Court of Appeal. (Lodgment 3.) On July 29, 2004, the court of appeal affirmed the judgment. (Lodgment 5.)

On October 5, 2007, Petitioner filed a habeas corpus petition in the Riverside County Superior Court. (Lodgment 7.) On October 24, 2007, the superior court denied the petition. (Lodgment 8.)

On November 20, 2007, Petitioner filed a habeas corpus petition in the California Court of Appeal. (Lodgment 9.) On December 3, 2007, the court of appeal denied the petition. (Lodgment 10.)

On December 18, 2007, Petitioner filed a habeas corpus petition in the California Supreme Court. (Lodgment 11.) On December 23, 2008, the supreme

---

[1] All references to pleadings and Lodgments are taken from the Report and Recommendation issued in EDCV 10-1832-VBF (OP).

court issued an order to show cause remanding the petition and requiring the California Department of Corrections to show cause why Petitioner should not have his sentence for second-degree robbery modified to a maximum five-year upper-term, doubled pursuant to California Penal Code section 667(e)(1). (Lodgment 13.)

On March 13, 2009, the Riverside County Superior Court revised Petitioner's sentence in accordance with applicable state law. This revision resulted in a total determinate state prison term of twenty-three years. Subsequent to the correction of Petitioner's sentence, on April 22, 2009, he filed an appeal with the California Court of Appeal contesting the imposition of the twenty-three year sentence. (Lodgment 15.) On April 7, 2010, the court of appeal affirmed the judgment and sentence. (Lodgment 20.)

On April 15, 2010, Petitioner filed a petition for review in the California Supreme Court. (Lodgment 21.) On June 17, 2010, the supreme court denied the petition without comment. (Lodgment 22.)

On November 24, 2010, Petitioner filed his first § 2254 petition in this District. (CV 10-1832-VBF (OP) ECF No. 1.) On August 18, 2011, Judgment was entered denying the petition and dismissing the action with prejudice. (Id. ECF No. 16.) On August 22, 2011, an Order was entered denying the issuance of a certificate of appealability. (Id. ECF No. 17.)

Petitioner has sought further habeas relief in the Riverside County Superior Court (case number RIF110236), the California Court of Appeal (case number E056568), and the California Supreme Court (case number S204102). On April 16, 2012, the superior court denied the petition. On July 5, 2012, the court of appeal denied the petition. On October 10, 2012, the supreme court denied the

petition. (Pet. at 5-6, Ex. A; Official Records of California Courts.[2])

## III.
## DISCUSSION

**A.  Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).

Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in pertinent part that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior

---

[2] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

application shall be dismissed unless--

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

Generally speaking, a petition is second or successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). Moreover, although a dismissal based upon the statute of limitations does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. §

2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

As set forth above, before a second or successive application permitted under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Furthermore, "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4); see also Cooper, 274 F.3d at 1274 (once petition recognized as "second or successive" under § 2244(b), district court lacks jurisdiction to consider petition absent authorization from court of appeals) (citations omitted).

**B.     Analysis.**

In the Petition, Petitioner is again challenging his October 22, 2003, conviction in the Riverside County Superior Court, case number RIF110236, for which he was sentenced to a total determinate state prison term of twenty-five years. (Pet. at 2.) Since the current Petition is successive, Petitioner must seek an order from the Ninth Circuit Court of Appeals authorizing this Court to consider the Petition. 28 U.S.C. § 2244(b)(3)(A). This Court finds no indication that Petitioner has obtained such approval prior to the filing of the current Petition. Thus, this Court lacks jurisdiction to address the merits of the Petition. See 28 U.S.C. § 2244(b)(3); Cooper, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction).

/ / /
/ / /
/ / /
/ / /
/ / /

## IV.
## **ORDER**

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice as successive, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: January 30, 2013

HON. VALERIE BAKER FAIRBANK
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

7